# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

|  |  |
|---|---|
| Michael McMullen, | : |
| | : Civil Action No.:  4:13-cv-00718 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| AmSher Collection Services, Inc., | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendant. | : |
| | : |

For this Complaint, the Plaintiff, Michael McMullen, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Michael McMullen ("Plaintiff"), is an adult individual residing in Argyle, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant AmSher Collection Services, Inc. ("AmSher"), is an Alabama business entity with an address of 600 Beacon Parkway West, Suite 300, Birmingham, Alabama 35209,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.    The Debt

6.      A person other than the Plaintiff allegedly incurred a financial obligation (the

"Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under

15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to AmSher for collection, or

AmSher was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

### B.    The Facts

10.     Within the last four (4) years, AmSher contacted Plaintiff by placing numerous

calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

11.     The calls from AmSher originated from the following numbers, including but not

limited to, (888) 473-XXXX.

12.     At all times mentioned herein, AmSher placed calls to Plaintiff using an

automated telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice.

13.     Plaintiff never provided his consent to be contacted on his cellular telephone to

AmSher or to the Creditor.

14.     Upon answering each of AmSher's ATDS calls, Plaintiff heard a prerecorded

message stating AmSher was attempting to contact a person named Susan Hickman.

2

15.     On countless occasions, Plaintiff followed AmSher's prompt to inform them that he did not know the person they were attempting to contact.

16.     On several occasions, Plaintiff spoke with live representative at AmSher to again inform them he was not the person they were attempting to contact and requested AmSher cease all calls.

17.     Despite such efforts, AmSher continued to place ATDS calls to Plaintiff's cellular telephone, much to Plaintiff's annoyance and frustration.

**C.     Plaintiff Suffered Actual Damages**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

19.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendant's conduct violated 15 U.S.C. § 1692b in that Defendant contacted a third party on more than one occasion in connection with the collection of a debt.

22.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23.     The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

25.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

29.     The Defendant is each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

30.     The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

31.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34.     Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Texas state law.

35.     The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

36.     The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

37.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

39.     All acts of the Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

## COUNT IV

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

40.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

42.     Plaintiff never provided his consent to AmSher or to the Creditor to be contacted on his cellular telephone, and in fact instructed AmSher on multiple occasions by following the prompts to stop all calls to him and by speaking to live representatives, when he would get through to same, and directing AmSher to cease all calls to him.

43.     AmSher continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times not to call and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

44.     The telephone number called by AmSher was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

45.     The calls from AmSher to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

46.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

47.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

48.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4.  Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5.  Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6.  Remedies under Tex. Bus. & Comm. Code  § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

8.  Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

9.  Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 4, 2013

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff